CHARLES ZEMEL ET AL., PETITIONERS, v. THE CITY OF NEWARK, RESPONDENT.

Argued May 7, 1929—Decided May 27, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the petitioners, *Joseph Zemel*.

PER CURIAM.

This is an application for a writ of *certiorari* to test the validity of an assessment, and its confirmation by the Circuit Court of Essex county, of benefits conferred on property of Charles Zemel et al., petitioners, Nos. 27 and 29 Jones street, Newark, as well as other lots, by the widening of Jones street.

The single ground on which the granting of the writ is urged is that in making the assessment the members of the board of assessment did not consider the buildings on the land. The twenty-first section of article 20 of the Municipalities act of 1917 (*Pamph. L.* 1917, *p.* 378) directs that the board of assessment shall make a just and equitable assessment of the benefits conferred upon any lands or real estate

by reason of such improvement, having regard to the value of the lands and real estate benefited.

Petitioners filed an affidavit, and what purports to be a partial copy of the order confirming the report of the board, and what purports to be a copy of the opinion of the Circuit Court judge. The report of the board of assessment is not laid before us. The application was argued orally and it was contended that the members of the board of assessment were obliged, in reaching their conclusion, to take into consideration not only the land but the buildings on it. No brief was filed and no authority was cited.

The affidavit of the petitioners sets forth certain extracts of the testimony taken before the Circuit Court judge. Whether there was other testimony of a contrary character either by these witnesses or by others does not appear. And in this connection we regard it as particularly significant that the report of the assessors is not laid before us. Assuming, however, that the statement of the witness which affiant recites is accepted that consideration was given to the land alone is true, the question arises whether this was an illegal method of assessment. The language of the statute is, "the benefits conferred on lands or real estate," and also that in making their assessment they should have due regard to the lands and real estate benefited. The fact, if it be a fact, that in this instance the assessors considered the land alone does not justify us in finding that it is an illegal proceeding in the absence of proof or some showing to this court that valuation of the buildings thereon was essential to a proper assessment. Assuming, without deciding, that the act contemplated that the buildings should be taken into consideration, this does not entitle the applicants to the writ unless they show that the method pursued worked injury to them. This they have not done. They have not even suggested that they were prejudiced. The writ will be denied.